## FRANCIS ABAIR v. MERCHANTS' NATIONAL BANK OF TOLEDO.

1. PARTIES TO A JOINT JUDGMENT MUST BE PARTIES TO PETITION IN ERROR.

> In a suit in the common pleas, against three joint defendants, formerly members of a firm of co-partnership, on a promissory note executed by such firm, a joint judgment against all three defendants was recovered. Two of such defendants filed, each for himself, a petition in error in the circuit court against the plaintiff below, each without making his co-defendants below parties in such error proceedings. After two years—the period of limitation for instituting such error proceedings—a motion was filed by the defendant in error in the circuit court to dismiss the error proceedings of each of the plaintiffs in error, on the ground that the other parties to the joint judgment not being parties to the error proceedings, it would be beyond the power of the circuit court to reverse the joint judgment, and the period of limitation having elapsed, the right of the plaintiffs in error to ask a reversal was barred by the statute of limitations.
> Held, That the rule laid down by the supreme court of Ohio in Smetters v. Rainey, 14 O. S., 287, that all the defendants to a joint judgment are necessary parties to a petition filed by one of them to reverse it, though repeatedly criticized by judges of the supreme court individually in later cases, has not been reversed.

2. CANNOT BE ADDED AFTER LIMITATION HAS EXPIRED.

> That in accordance with the rule laid down by the supreme court in Smetters v. Rainey, the parties cannot be added after the two years limitation has passed, and the petitions in error must be dismissed.

ERROR to the Court of Common Pleas of Lucas county.

SCRIBNER, J., (orally).

The cases of Francis Abair against the Merchants' National Bank, and W. C. Henricks against the same defendant, were brought here from the common pleas upon petitions in error. They were submitted on the part of the defendant in error upon a motion to dismiss the petitions in error for want of proper parties; on the part of the plaintiffs in error in the two cases, there is also a motion for leave to make additional parties to the proceedings.

The action in the court of common pleas was upon a promissory note purporting to have been executed by Abair, Skidmore & Co., to the cashier of the Merchants' National Bank, for the bank, dated November 20, 1883, payable in sixty days after date, for $7,500, with interest at eight per cent. per annum after maturity. The petition upon this note was against Francis Abair, Luther M. Skidmore and William C. Henricks, as partners doing business under the firm name of Abair, Skidmore & Co. Abair and Henricks answered. Skidmore did not answer. The note, I should say, was only executed by Abair, Skidmore & Co., but was also indorsed by L. M. Skidmore.

The defendant Henricks, in his answer, denied that he was, at the date of the making of the note set forth in the petition, or at any other time, a partner with Francis Abair and Luther M. Skidmore, and he denied that as a partner with the said Abair, Skidmore & Co., or either of them, he ever made or assented to the making of the note.

Abair answered, denying that the alleged partnership existed on the 20th of November, 1883, the date of the note, and averring that more than three years prior to the execution and delivery of the note in question, the firm had been dissolved, as was known to the plaintiff at the date of its execution. He also set

See note at the end of this case, page 174.

up, as a further defense, usury on the part of plaintiff. There was a reply to the answer of Abair, denying the allegations of the answer.

Upon the trial of the case in the common pleas, upon the issues so made, there was a finding and judgment in favor of the bank for the sum of $7,500, the principal sum named in the note. A bill of exceptions was taken embodying all the testimony in the case. A motion for a new trial having been overruled, a petition in error was thereupon filed in this court in the first instance by Abair against the bank. Subsequently Henricks filed a petition in error against the bank. To neither of these petitions was Skidmore made a party. In the case of Abair against the bank neither Henricks or Skidmore was made a party, and in the case of Henricks against the bank, neither Abair nor Skidmore was made a party.

The judgment in the court of common pleas was rendered in March, 1886,— more than two years before the present term of this court. And now come motions on the part of the bank to dismiss the petitions in error, upon the ground, in the case of Abair against the bank, that Henricks and Skidmore are necessary parties, and, in the case of Henricks against the bank, that Abair and Skidmore are necessary parties.

The judgment was a joint judgment against all three of the defendants. There was a finding that the amount of $7,500 was due from each of these defendants to the bank, and judgment was rendered against them jointly for the sum of $7,500.

The motions to dismiss these petitions in error are upon the ground that the other parties to the record—to the judgment, not having been made parties here, it is beyond the power of the court to now reverse the judgment, and that more than two years having intervened since the recovery of the judgment, the right of the parties seeking to reverse is barred by the statute of limitations. And it seems to be understood that unless the case of Smetters v. Rainey, 14 O. S., 287, has been overruled, the motion to dismiss must be granted.

In the case referred to this ruling was announced:

"1. All the defendants in a joint judgment are necessary parties to a petition filed by one of their number to reverse it, and may be made so, as plaintiffs or defendants, in conformity with the provisions of secs. 34, 35, and 36, of the Code, as to parties to civil actions.

"2. If all such defendants are not made parties to the petition within three years from the rendition of judgment, the revising court has no such jurisdiction over the subject-matter as will authorize them to reverse or modify any part of it.

"3. Any such joint judgment debtor, who is not made a party to the petition of his co-debtor until after the statutory limitation has attached, may, upon being brought in, plead the statutory bar, and such plea will oust the jurisdiction of the revising court to reverse or modify any part of the judgment."

In that case Rainey and Julian recovered judgment against Harris, Jeffries and Smetters, as makers, and Dildine as the indorser of a promissory note. Smetters alone made defense. His answer was demurred to, the demurrer sustained, and thereupon a joint judgment was rendered against all the defendants in the action. Shortly after the rendition of judgment, Smetters filed his separate petition in error against Rainey and Julian to reverse the judgment, without making Harris, Jeffries and Dildine parties to the petition, or assigning any reason for omitting so to do. The cause was reserved to the supreme court. In that court, a motion was made by Rainey and Julian to dismiss the petition in error for want of necessary parties. This motion was sustained by the court, unless the other parties to the judgment were made parties to the petition in error by an amendment and service of process, within thirty days. The court

in giving leave to make the amendment, expressly reserved to the defendants after such service, the right to object that all the parties to the judgment had not been made parties to the petition to reverse it, until more than three years had elapsed from the rendition of the judgment. The plaintiff in error, within the time limited, made all the other defendants to the judgment parties to the petition, by associating Harris with himself as plaintiffs and making Jeffries and Dildine, who declined to unite with him as plaintiffs, defendants to the petition. Dildine, one of the newly-made defendants, answered, alleging that more than three years had elapsed between the time when the amendment was made and the recovery of the judgment. And thereupon the defendants, Rainey, Julian and Dildine, jointly and severally filed a motion to quash the petition in error for that cause. That motion was sustained by the court and the petition in error dismissed.

The ground upon which the court placed its decision was, that there was a joint judgment against all the parties to the action. One of the judgment debtors filed his petition in error, but only made the judgment creditors parties to his petition. The cause continued along until three years had intervened, and thereupon the judgment creditors interposed and moved to dismiss the petition in error. The court, in order, apparently, that the question might be fully and fairly considered upon motion of the plaintiff in error, Smetters, allowed him to bring in the other parties, making one of them plaintiff with himself, and the others—who refused to join as plaintiffs—defendants, and then, on motion of the other parties defendant in the case, dismissed the petition, because although the proceeding in error had been brought by one of the judgment debtors within time, yet as the period of limitation had expired before the others was brought in, and the judgment was a joint one, it could not be disturbed as to either of them.

Now the question is: Has this adjudication been overruled by the subsequent action of the court?

The next case in order of time, bearing upon this subject, is that of Bradford v. Andrews et al., 20 O. S., 208. There it was held:

"Where a proceeding for the contest of a will is commenced within the statutory period of limitation, although only part of the persons interested in the contest are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired."

Some other propositions were decided, but they are not material here. Judge Welch, in deciding that case, and in holding that in such a proceeding—a proceeding to contest a will—the action is saved as to all the parties in interest who are ultimately made parties, notwithstanding some of them were not brought into court until the statutory period had expired, took occasion to remark upon the case of Smetters v. Rainey, *supra*, and he said:

"The right to sue is a favored right, and is guaranteed by constitutional provision, while the right of limitation generally meets with more or less disfavor. I am aware that the case of Smetters v. Rainey, *supra*, conflicts with this doctrine, and I am frank to say, for myself, that I deem that case a departure from well-established principles, and one that should be overruled whenever a proper case occurs for reconsidering the question involved. The question there, though really involved in the present case, was not identical, and need not, therefore, be passed upon by the court."

Judge Welch here expresses himself very strongly against the rule laid down in Smetters v. Rainey, *supra*, and states that he thinks it should be over-

ruled whenever a proper case occurs for reconsidering the question; he, nevertheless adds that the question involved there is not identical with the one presented in the case then before the court, and it could not, therefore, be passed upon by the court. For this reason we cannot consider the case of Bradford v. Andrews, 20 O. S., 208, as overruling Smetters v. Rainey, *supra.* If the principle involved were identical, the court had an opportunity to overrule the latter case. If the rule which permitted the saving of a case as to parties not brought in, by a proceeding instituted in time by some of the parties interested—if that rule was so far in conflict with the doctrine laid down by the court in Smetters v. Rainey, *supra,* as to call for the overruling of that case, it was the duty of the court to say so and declare it overruled; but the court did not do that. Judge Welch passed the matter by expressing his own personal opinion that it should be overruled, but saying that the question was not identical, although it was similar, and involved a like principle. We have, therefore, the opinion of Judge Welch that the ruling in Smetters v. Rainey, *supra,* is not good law, but the court did not so declare it.

Next in order of time we come to the case of Buckingham v. The Commercial Bank of Cincinnati, 21 O. S., 131.

In that case the case of Smetters v. Rainey, *supra,* is not referred to by the court, but the question decided is of a like character, and the ruling of the court is of such a nature as seems necessarily to support the holding in Smetters v. Rainey, *supra.* The opinion was delivered by Judge Welch. One paragraph of the syllabus is as follows:

"In a proceeding in error against several creditors, to reverse a judgment obtained by them setting aside a sale of land as fraudulent, one of the said creditors being the sole plaintiff below, and the others by their cross-petition joining in the prayer of the plaintiff for relief, the defendants in error are united in interest within the meaning of said twentieth section of the code so that the service of summons upon one prevents the running of the statute of limitation as to all."

This was a proceeding to set aside a transfer of property as fraudulent. The creditors named in the proceeding in the district court, to which the case had been taken, obtained a judgment setting aside the transfer. Adverse parties filed a petition in error in the supreme court to reverse the judgment of the district court. In their petition in error they named as defendants "The Commercial Bank, of Cincinnati, and others" without stating who the "others" were. But they attached to the petition a certified copy of the record, in which all the parties to the proceeding in the court below were named, and the court, in order to save the case, held that it might look into this record to see who the "others" were. It held that a petition in error against the Commercial Bank of Cincinnati and others, was in effect a petition in error not only against the Commercial Bank of Cincinnati, but against all the creditors named in the record; so that in the judgment of the supreme court all creditors parties to the proceeding below were parties defendant to the petition in error in the supreme court. Motion was made to dismiss those not actually named in the petition in error. This motion was made after the period of limitation had expired. Here, then, was a petition against the Commercial Bank of Cincinnati, and others. Who the others were was not shown except by reference to the record attached to the petition in error. The "others" not named in the petition in error, after the limitation had expired, came in and asked to be dismissed on the ground that the court had no jurisdiction of them. Judge Welch, in deciding the case, held, as I have stated, that all these parties to the proceeding below were parties to the petition in error; that, although the summons in error was served upon only one of the parties de-

fendant, yet, being jointly interested, the action was thereby saved as to all of them and that the limitation did not apply.

In delivering the opinion, he says:

"The judgment of the district court is a unit, in the sense that it cannot be justly set aside as to some of the parties and affirmed as to others."

This was precisely the doctrine upon which the court proceeded in Smetters v. Rainey, *supra*.

"All the creditors of Mark Buckingham who were parties thereto, whether nominally as plaintiffs or as defendants, are alike interested in having the judgment affirmed, and will be alike affected by its reversal. Jurisdiction of the case, then, can only be had by bringing them all before the court. That has now been done, and the jurisdiction is complete, unless the proceeding has become barred by the statute of limitations. Has it become so barred?

"One of the present defendants, the Commercial Bank of Cincinnati, it is admitted, was duly summoned before the expiration of the period of limitation. Another, the Maysville Branch of the Farmers' Bank of Kentucky, it must be conceded, was not summoned until after the expiration of that period. And, although the attorney of the Commercial Bank, who acknowledged service of the summons issued against the bank, was also the attorney of the other defendants, yet as the summons was directed to the Commercial Bank alone, its service was a service as to the Commercial Bank alone. So that, in truth, one of the defendants only was brought into court before the statutory period of limitation had expired, and the others were brought in afterwards. It makes no difference in principle, however, whether four of the defendants or only one of them was not served with process until after the expiration of the three years. In either case the same question is presented, namely, whether a service upon a part of the defendants saves the case as to all, or whether, on the other hand, the non-service upon a part operates a bar as to all. From the very nature of the case there is no middle ground between these alternatives, and the one or the other must of necessity be adopted. Either the case is barred as to all, or it is barred as to none. Either the court has jurisdiction of all, or it has no jurisdiction as to any."

Thus holding that all the parties to the record were joined in the petition in error, though but one of them was served, and that thereby—there being a unity of interest on the part of all the creditors—the action was saved as to all, although the others were not served until the period of limitation had gone by. Now, if it were not essential that all should be sued—that is to say, if it were not essential that all should be made parties to the petition in error before the statutory bar had intervened, all this discussion by Judge Welch was unnecessary; for what would it matter if the bringing of a suit in error against one of the parties to a judgment, and the service of summons upon him, would save the running of the statute as to those who were not made parties, whether the "other" parties named in the record, but not specifically named in the petition in error, were regarded as defendants in error, or not? If the Commercial Bank had been sued, and service made upon it, and then, after the period of limitation—as in the case here—the others were served and brought in, what difference would it have made whether they were parties to the petition under the terms which have been referred to, or not? It would not have been at all material. Yet the court found it necessary to hold in that case, in order to sustain the petition in error, and prevent its being barred by the statute, that all the creditors had been made parties to the petition in error before the period of limitation had expired, and that service upon one of those creditors saved the action as to all the rest,

and upon that point alone, held that the case was saved. But it is clearly indicated in the reasoning of the court that if the defendants had not been named as parties, the motion to dismiss would have prevailed.

This case, therefore, may be regarded as supporting the ruling made in Smetters v. Rainey, *supra.*

Next we have the case of Jones v. Marsh, 30 O. S., 20, decided by the commission, Day, Chief Justice, delivering the opinion:

"Where, in an action against three defendants, two only were served with process, and judgment was taken against all three, upon petition in error by the defendant not served, the district court reversed the judgment, and proceeded to render the same judgment against the two defendants who were served with process that was originally entered against the three. On error to the supreme court by the two defendants against the original plaintiff, without making the other original defendant a party thereto—*Held:* That the revising court, for want of the necessary parties, does not have such jurisdiction of the subject-matter of the case as will authorize it to reverse or modify the judgment of either of the courts below."

It will be noticed here that there was an action in the common pleas against three defendants. Two only were served with process, and judgment was taken against all three. On error, the district court reversed the judgment and proceeded to render judgment against the two who had been served with process, thereby letting out the man not served. Then the two defendants who had been held by the judgment of the district court, filed their petition in error in the supreme court, making the plaintiff in the action a party, but not making a party the defendant who had been discharged by the district court. The commission held that, for want of the necessary parties, they did not have jurisdiction of the subject-matter of the proceeding, and dismissed the petition in error upon the authority of Smetters v. Rainey, *supra.* The judge, in delivering the opinion, said:

"Evans, one of the parties against whom the original judgment was rendered, and the party who procured its reversal in the district court, was not made a party to the petition in error now before us. More than three years have elapsed since the rendition of the judgment in the courts below; it is therefore now too late to require him to be made a party. The statutory bar intervenes.

"In Smetters v. Rainey, *supra,* it was held that, 'All of the defendants to a joint judgment are necessary parties to a petition in error filed by one of their number to reverse it, and may be made so, as plaintiffs or defendants,' in conformity with the provisions of the code; and that 'If all such defendants are not made parties to the petition within three years from the rendition of the judgment, the revising court has no such jurisdiction over the subject-matter as will authorize them to reverse or modify any part of it.' Upon the authority of this case, founded upon reasons and principles equally applicable to the case we have in hand, we are constrained to hold that, for want of proper and necessary parties, we have not such jurisdiction of the case as will authorize us to disturb the judgment of the district court. The petition in error must therefore be dismissed."

The next case in order is Secor v. Witter, 39 O. S., 218, which went from this county. In that case there was a mistake in the petition in error which was filed in behalf of partners. One of the parties below was omitted, and the name of a person not a partner, and not a party below, was substituted in its place. The mistake grew out of a change in the partnership between the date of the institu-

tion of the original proceedings and the filing of the petition in error. Motion was made for leave to amend the petition in error in this respect, and upon this motion arose one of the questions disposed of by the court. Objection was made, but the motion was granted. The opinion in that case was delivered by Johnson, then chief justice. In the course of the opinion he expresses in pretty strong terms his dissent from the ruling made in Smetters v. Rainey, *supra*, and said:

"Where, as in the present case, it is manifest that the plaintiffs in error are acting for all, the court may correct such a mistake, in furtherance of justice, after three years, and allow other necessary parties to be brought in, even without their consent; and while it may not compel unwilling parties to come in after three years, where there was no intention to make them such, yet, when there is, the court has jurisdiction over the subject-matter, and may allow them to become parties seeking a reversal."

The court held, substantially, that the partnership was the plaintiff, and that an error in the names of the persons constituting the firm might be corrected without infringing upon the rule laid down in Smetters v. Rainey, *supra*. Judge Johnson added:

"In this I speak for myself only, and not for my brethren. Indeed, I should be willing, as at present advised, to hold that the power of amendment in this respect, notwithstanding the statute of limitations, is as ample in cases of error as in other civil actions, and therefore the rule that if all are so united in interest as that one is saved from the statute all are saved, applies."

But the court did not undertake to overrule in that case the decision made in Smetters v. Rainey, *supra*.

There is another case reported in the same volume, Moore v. Chittenden, 39 O. S., 563, the syllabus of which is as follows:

"The defendants, in an action against vendor and vendee, to set aside and cancel a deed on the ground of fraud, though both defendants are necessary parties defendant, yet where the only relief sought is a cancellation of the deed, are not united in interest within the meaning of sec. 4987, Revised Statutes."

It was alleged, as a ground for setting aside the conveyance, that a fraudulent combination had been entered into to procure title to be made to one of the parties in interest under color of legal proceedings taken by the parties. The court of common pleas found in favor of the defendants in the proceeding, and dismissed the petition, but the finding was separate and the judgment was separate as to each of the defendants. For example:

The court "doth find each and all of the issues joined between the plaintiffs and the said James Watson and John G. Mitchell, in favor of the said Watson & Mitchell, and that the equity of the case is with them. And the court doth further find each and all of the issues joined between the plaintiffs and the said Henry T. Chittenden in favor of the said Chittenden, and that the equity of the case is with him. And the court doth further find the issues joined between the said plaintiff and the said William Shields in favor of the said Shields, so far as the same—" etc.

A petition in error was filed, and all the parties defendant in that proceeding were made parties to the petition in error, but only one of them—and that was Shields—was served with process; after waiting for the limitation period to go

by, the parties not served came in, and each of them filed his motion to dismiss the petition in error upon the ground that he was not in court—not having been served, and that the court had no jurisdiction. It was insisted on the part of the plaintiff in error that they were all so united in interest that under the principle announced in the case of Moore v. Chittenden, *supra,* service on Shields saved the case as to the other parties. ' The court held that they were not united in interest, and that service upon Shields did not save the case in error as against the other parties defendant who had been made parties, but who had not been served with process, and, upon that ground, they sustained the motion of the other parties to the petition in error and dismissed it. That was the point ruled in that case.

Next we come to a case decided by the commission, and reported in 40 O. S. Reps., 431, Bank v. Green. In that case the commission held:

"The omission, as party to a petition in error, of one of the defendants in the court below, will not deprive the reviewing court of jurisdiction of the case.

"In such a case, if the defendant in error in the district court does not there complain of a defect of parties, and that court reverses the judgment below, this court will not permit him to make such objection here; and if it affirmatively appears that the judgment of reversal will not materially and injuriously affect the rights claimed in the original case by the absent party, this court will not interfere with it."

That was an action brought by the bank against Green & Co. Green made the defense that he was no longer liable upon the obligation sued upon. Green and Gould had been partners. Green had retired and Gould had assumed payment of the debts of the partnership, had given new notes to the bank, and it was claimed by Green that the old notes had been cancelled and delivered up. The bank brought suit upon one of the old notes against Green and Gould. Green urged in defense that the partnership had been dissolved; that the bank had cancelled the original indebtedness, and that he was discharged. Gould was insolvent. There was a verdict and judgment rendered in favor of the bank against Green and Gould. Green took his exceptions, alleging error on the part of the court in refusing to charge the propositions which he submitted. He afterwards filed his petition in error in the district court against the bank, without making Gould a party, and the judgment was reversed. No objection was made in the district court to the non-joinder of Gould; then petition in error was filed in the supreme court to have the judgment of the district court reversed. One of the propositions made in the supreme court was as to the jurisdiction of the court below to pass upon the case at all. It was claimed that inasmuch as Gould was not made a party to the petition in error filed by Green against the bank to reverse the judgment of the common pleas, the district court had no jurisdictior to pass upon the question. The chief justice, in delivering the opinion, said:

"We concur with the supreme court in Secor v. Witter, 39 O. S., 218, and think that so far as concerns the question of jurisdiction here made, Smetters v. Rainey, 14 O. S., 287, is not sound."

It will be observed that the supreme court in Secor v. Witter, *supra,* had not held or declared that the ruling in Smetters v. Rainey, *supra,* was not sound. Judge Johnson had given it as his opinion in that case that the ruling in Smetters v. Rainey, *supra,* was not sound, but he had been careful to state that he spoke for himself only, and not for the court. It was a mistaken assumption on the part of the chief justice of the commission to declare that the supreme court had questioned the soundness of the ruling in Smetters v. Rainey, *supra.* The chief justice proceeded to say:

"Gould and Green were so united in interest that service of a summons upon

one prevented the running of the statute as to the other. Had the district court been informed of the defect of parties, Gould could and should have been brought in before the judgment of reversal was rendered. See Buckingham **v.** The Bank, · 21 O. S., 131. As was held in that case, to reverse the judgment below before Gould was brought in, was error. But the present plaintiff in error cannot here avail himself of that error, because he made no objection in the district court based upon the defect of parties. His silence there leaves it optional with this court to listen, or not, to such an objection by him here. No consideration on behalf of the bank calls for a relaxation of the rule."

It will be seen that one proposition ruled by the commission was, that because the bank did not take exception in the district court to the petition in error on account of the non-joinder of Gould, it did not lie in its mouth to object to it in the supreme court; that under the circumstances the court might exercise its own discretion in regard to it.

But in the very next volume of the reports of the decisions of the commission—Veach v. Kerr, 41 O. S., 179—the court seems to have followed and approved the doctrine held in Jones v. Marsh, 30 O. S., 20. There V., a creditor of R., claiming a lien upon money of R., then in the hands of K., sheriff of the county, began in the common pleas a civil action against them to enforce the lien. J. and R., jr., claimants of said fund, were also made defendants. K.'s demurrer to the petition was overruled. J. and R., jr., filed separate answers, but K. filed no other pleading. Upon the issues thus made, the court found for V., and on October 22, 1878, decreed that K. should, out of said fund, pay all the costs, and then pay the remainder to V. K. had no interest in the fund. He held it as an officer of the court, subject to its orders in pending suits, and all claimants of the money were parties to said decree. No bill of exceptions was taken, but K. filed in the district court a petition in error against V. alone, assigning as error the overruling of his demurrer. That court, without bringing in any of the other parties to the decree below, reversed that judgment.

"Held: 1. This was error. Jones v. Marsh, 30 O. S., 20, followed.

"2. The judgment of the common pleas affected no right of K. His sole interest and duty was to obey the court. He did not represent any of the omitted parties. The decree of 1878 still bars their claim to the fund.

"Judgment of the district court reversed and that of the common pleas affirmed."

What I call attention to is the approval in this case of the ruling in Jones v. Marsh, *supra*, where the supreme court commission dismissed the petition in error for want of jurisdiction because the parties in the proceeding below were not made parties there. The commission, in Veach v. Kerr, *supra*, followed the doctrine there laid down. They held that inasmuch as the action had been brought by a creditor against a debtor, and against a sheriff to reach a fund in his hands, and other creditors were made parties to the proceeding, and judgment was rendered in favor of the plaintiff creditor, it was error in the district court to act upon a petition in error filed against the plaintiff creditor without making the other creditors parties to the proceeding.

We do not see, therefore, how it is possible for us to hold that the case of Smetters v. Rainey, *supra*, has been overruled, and we do not feel at liberty, unless that case has been overruled, to disregard the doctrine there laid down. Our conclusion is that the motions to make the omitted party a party defendant must be overruled, and that the motions to dismiss the petitions in error must be granted.

We think, however, that the two cases should be consolidated and proceed as one petition in error, and so order. The cases will then stand upon the record

as upon a petition in error by Abair and Hendricks against the Merchants, National Bank. The sole question will then be as to whether or not Mr. Skidmore may be brought in as a party defendant, and this will enable counsel, if they shall so desire, to present the question for consideration in the supreme court.

Note.—Since the foregoing opinion was pronounced, the sheets of volume 45, O. S., containing the cases of Burke v. Taylor, 45 O. S., 444, have appeared, in which the supreme court approve and follow the cases of Smetters v. Rainey, 14 O. S., 287, and Jones v. Smith, 30 O. S., 20.